Joseph WEISMAN, Plaintiff,

v.

Raymond SPECTOR, H. L. Sondheim, Donald Burr and Hazel Bishop, Inc., Defendants.

United States District Court
S. D. New York.

Feb. 5, 1958.

See also 158 F.Supp. 789.

Martin Horwitz, New York City, for plaintiff.

Emil K. Ellis, New York City, for defendants.

DAWSON, District Judge.

This is a motion by the plaintiff for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S. C.A.

The action is one brought by an alleged stockholder under the provisions of the Securities Exchange Act (15 U.S. C.A. § 78p(b)) alleging that the defendant Spector participated in short swing stock transactions of Hazel Bishop Inc. and realized profits thereby at a time when he was a director of Hazel Bishop Inc. The action seeks a judgment, pursuant to this provision of the statute, requiring defendant Spector to pay to the corporation the profits which he real-

ized from the purchase and sale or sale and purchase of equity securities of the corporation within any period of less than six months.

■ A motion for summary judgment may be granted if the pleadings, affidavits and other papers on file show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) of the Rules of Civil Procedure.

■■ It appears from the papers on file that there are genuine issues as to material facts, which would preclude the granting of summary judgment. The complaint alleges that the plaintiff is a beneficial owner of the common stock of Hazel Bishop Inc. The answering affidavits indicate that he is not listed as a stockholder of record. No affidavit is submitted by the plaintiff showing the facts with reference to his alleged beneficial ownership of this stock. The form of affidavit on a motion for summary judgment is set forth in subdivision (e) of Rule 56 of the Rules of Civil Procedure. The affidavit submitted by the attorney for the plaintiff is not sufficient to comply with this rule, since the facts as to ownership of the stock are not made on the basis of his own personal knowledge, and since the affidavit does not set forth such facts as would be admissible in evidence.

■ Furthermore, the plaintiff has the burden of establishing that a demand for the institution of the action made upon the corporate defendant would have been futile. The affidavits submitted are not sufficient to establish this fact and a trial is needed of this issue. See opinion filed simultaneously herewith on defendants' cross-motion for summary judgment.

■ Also, the defendant Spector alleges that one of the transactions which furnishes the basis for the cause of action was not in fact a sale of securities. He alleges that an alleged sale of 10,000 shares to a Mr. Forgash was upon condition that Mr. Forgash had absolute right to refuse to take title to the stock and rescind the sale, and that this sale was rescinded. This again raises an issue of fact.

Since these issues of fact are such that they cannot be decided upon affidavits, a trial will be necessary. The motion for summary judgment is denied. So ordered.

